MICHAEL COSENTINO, SBN 83253
Attorney at Law
P.O. Box 129
Alameda, CA 94501
Telephone: (510) 523-4702

Attorney for Plaintiff
United States of America

FILED
08 JUL -7 PM 12: 43
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. C07-4193 SLM |
| Plaintiff, | DECLARATION FOR JUDGMENT ON DEFAULT |
| v. | |
| Javid H. Balooch | |
| Defendant. | |

I, MICHAEL COSENTINO, declare:

1. I am the attorney for the plaintiff in the above-entitled action.

2. This declaration is made on behalf of plaintiff.

3. From the files and records and other information in this case, declarant is informed and believes that the defendant's place of residence is at 991 Chelan Dr., Sunnyvale, CA 94087.

4. Defendant is not an infant or incompetent person and not in the military service of the United States within the meaning of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, or otherwise entitled to the benefits of said Act.

5. Subsequent to the date of the Certificate of Indebtedness, a copy of which is attached hereto and made a part hereof as Exhibit A, $0.00 in payments have been made to the account; there is now due and owing to the plaintiff from the defendant the sum of $21,307.61 principal, plus $4,337.39 additional interest, $0.00 administrative costs, $0.00 court costs, and $0.00 as attorney fees.

WHEREFORE, declarant requests that judgment be entered on behalf of the plaintiff and against the defendant in the sum of $25,645.00 plus post judgment interest at the legal rate per

1 | annum, pursuant to the provisions of 28 USC Sec. 1961(a), which will be compounded annually
2 | pursuant to the provisions of 28 USC Sec. 1961(b).
3 |     I declare under penalty of perjury that the foregoing is true and accurate to the best of my
4 | knowledge, information and belief.
5 |
6 | Dated: June 26, 2008
7 |                       MICHAEL COSENTINO
                      Attorney for the Plaintiff

24 | DECLARATION FOR JUDGMENT OF DEFAULT               2

**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　　　Program Support Center

Rockville MD 20857

AUG 5 2005

## CERTIFICATE OF INDEBTEDNESS

Javid H. Balooch
991 Chelan Dr
Sunnyvale, CA 94087
Ref: 50154191/2

Total debt due to the United States of America as of July 15, 2005: $21,874.38 (principal $21,307.61, interest $566.77, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $21,307.61 from July 15, 2005, at the rate of 6.000%. Interest accrues on the principal amount of this debt at the rate of $3.51 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Illinois College of Optometry, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Date Approved | Amount Approved |
|---|---|---|---|
| 08/17/94 | $10,432.00 | 06/16/95 | $10,432.00 |
| 08/01/95 | $12,215.00 | 08/18/95 | $12,215.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving the Illinois College of Optometry, you were granted a deferment and forbearance agreements during the period of August 12, 1996, to January 13, 2004, with payments to begin thereafter. Between February 27, 1997, and June 26, 1998, you made sixteen (16) payments totaling $1,821.30.

On September 26, 2003, in the United States Bankruptcy Court, Northern District of California, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. 03-56240-ASW7). An Adversary Proceeding (Case No. 03-05705) was filed on December 29, 2003. The bankruptcy was discharged on December 29, 2003, however, your HEAL debt was not dischargeable under bankruptcy.

Due to your bankruptcy, the SLMA filed an insurance claim on January 16, 2004, with the Department of Health and Human Services (HHS). The claim in the amount of $20,440.00 was paid on January 23, 2004, and an assignment of the notes was received.

**EXHIBIT A**

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - JAVID H. BALOOCH

The HHS notified you by letter dated January 29, 2004, that the previous holder of your promissory notes submitted an insurance claim and assigned your notes to the U.S. Government.

In a letter dated April 16, 2004, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

By letter dated July 1, 2004, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into a RA. You did not comply.

In a letter dated September 14, 2004, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into a RA with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

In a letter dated September 23, 2004, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

By letter dated December 1, 2004, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into a RA. You did not comply.

On January 28, 2005, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

In a letter dated February 11, 2005, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, a RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

On February 28, 2005, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish a RA, your case would be immediately referred to the OIG for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into a RA, your debt would be referred to the DOJ for enforced collection. You did not comply.



EXHIBIT A

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - JAVID H. BALOOCH

The following provides a breakdown of payments applied to your account:

16 Payments to Lender        02/27/97 to 06/26/98        $1,821.30

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Northern District of California, 450 Golden Gate Ave., 10th Fl., San Francisco, CA 94102.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

AUG  5  2005

Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

**EXHIBIT A**